UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00017

**Marilyn K. Fulgham,**
*Plaintiff,*

v.

**Commissioner of Social Security,**
*Defendant.*

# ORDER

Plaintiff filed the above-styled and numbered civil action pursuant to the Social Security Act, Section 205(g), for judicial review of the Commissioner's denial of her application for Social Security benefits. The cause of action was referred to United States Magistrate Judge John D. Love, who issued a report and recommendation recommending that the decision of the Commissioner be affirmed and that this cause of action be dismissed with prejudice. Doc. 19. Thereafter, on November 11, 2021, plaintiff filed a response objecting to the report and recommendation. Doc. 20.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiff objects on the basis that the ALJ erred in excluding two documents from the record because they were submitted after five p.m. on the day of the deadline for submission. Doc. 20. This was an argument plaintiff made to the magistrate judge and which the magistrate judge considered extensively. However, in her objections,

plaintiff attaches new support for her position. Specifically, plaintiff attaches the Hearings, Appeal, and Litigation Law Manual (HAL-LEX) Section 1-2-5-1 for its definition of business day as concluding at 11:59 p.m. Doc. 20-1. Plaintiff did not present this manual or argument to the magistrate judge in her briefing. Because this argument was not presented before the magistrate judge it is therefore not appropriately considered for the first time on objection. *See Lewis v. Ascension Parish School Bd.*, 662 F.3d 343, 348 (5th Cir. 2011) ("This argument is waived because it was not presented to the magistrate judge.").

Even to the extent the court were to consider plaintiff's new support regarding the definition of a business day, the court is not convinced it would compel a different outcome here. The court agrees that the exclusion of evidence is subject to the ALJ's discretion and the court finds the ALJ did not abuse his discretion in excluding two documents in this case. Plaintiff's proposed definition of business day does not change that determination, where here, the ALJ provided a full explanation as to his decision to exclude the documents, including the fact that the documents contained evidence dating back to October 2018 and October 2019 and the fact that plaintiff's counsel provided no adequate explanation for the eleventh-hour submission at the hearing. Tr. at 9–10. Moreover, plaintiff has not adequately shown harm to her claim from the exclusion of these documents as is required for remand.

Accordingly, the report and recommendation (Doc. 19) is accepted. Fed. R. Civ. P. 72(b)(3). The decision of the Commissioner is affirmed, and this cause of action is dismissed with prejudice.

*So ordered by the court on November 16, 2021.*

J. CAMPBELL BARKER
United States District Judge